# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Armentha Hooker, | No. CV-13-02616-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Armentha Hooker's Application for Attorney Fees under the Equal Access to Justice Act ("EAJA"), (the "Motion," Doc. 31). Defendant Acting Commissioner of the Social Security Administration (the "Commissioner") has filed her Response, (Doc. 32), to which Plaintiff has filed her Reply, (Doc. 36). Having considered the parties' filings, the Court now rules on the Motion.

**I.  Background**

Plaintiff filed an application for supplemental Social Security benefits on behalf of her minor child, Z.H. Plaintiff claims Z.H. has had disabilities beginning May 26, 2009, (Tr. 253–59)[1], including attention deficit hyperactivity disorder and oppositional defiant disorder. (*See* Tr. 253, 390, 401, 407–18, 430, 432, 443, 449). The application was denied initially as well as on reconsideration, (Tr. 127–28), and Plaintiff requested a hearing by

---

[1] Citations to "Tr." are to the certified administrative transcript of record. (Doc. 10).

an administrative law judge (the "ALJ").

Following the hearing, the ALJ issued a decision finding that Z.H. was not disabled under the Social Security Act. (Tr. 16–29, 36–77). Plaintiff's request for an Appeals Council review of the ALJ's decision was denied, making the ALJ's decision the final decision of the Commissioner. (Tr. 1–5); *see* 20 C.F.R. § 422.210(a) (2016). Plaintiff then appealed to this Court, which affirmed the decision of the ALJ. (Doc. 19). Plaintiff finally appealed to the Ninth Circuit Court of Appeals (the "Ninth Circuit"), which vacated and remanded the matter to this Court. (Doc. 28-1 at 1–5). The Ninth Circuit reasoned that the ALJ erred when she determined that Edwin Perez, M.D., a psychiatrist, was not the child's treating physician because he had not seen the child often enough before he rendered his opinion. (*Id.* at 2). As a result, the ALJ did not accord Dr. Perez's opinion the "substantial (often controlling) weight" it may have deserved. (*Id.* at 2–3). Thus, this error "seriously affected" the ALJ's conclusions. (*Id.* at 2). After the remand, Plaintiff filed this Motion.

## II. Legal Standard

The EAJA allows "a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (2012). An applicant for disability benefits becomes a prevailing party for the purposes of EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits are ultimately awarded. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993).

The "position of the United States" includes both its litigating position and the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). To be substantially justified, a position must be "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (holding that "substantially justified" means having a reasonable basis both in law and fact). In EAJA actions, the

government bears the burden of proving that its position was substantially justified. *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005). However, "the government's failure to prevail does not raise a presumption that its position was not substantially justified." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988).

When analyzing the government's position for substantial justification, a Court should focus its inquiry on the issue that was the basis for remand and not the merits of the plaintiff's claim in its entirety or the ultimate disability determination. *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 2008); *see also Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998) ("The government's position must be substantially justified at each stage of the proceedings." (citation and quotation marks omitted)).

## III. Analysis

As the prevailing party after winning remand from the Ninth Circuit, Plaintiff moves for an award of attorneys' fees and costs under the EAJA in the amount of $17,292.07. (Doc. 31 at 1–2). The Commissioner opposes Plaintiff's request, arguing that the Government's position was substantially justified, (Doc. 32 at 4–7), and, alternatively, the requested dollar amount is unreasonable and should be reduced, (*id.* at 7–9).

### A. Substantial Justification

The Commissioner claims the Government's position was substantially justified for two reasons: first, the ALJ's decision to assign "little weight" to Dr. Perez's assessment was supported by the record, (*id.* at 4); second, because this Court initially affirmed the ALJ's findings, it demonstrates that "a reasonable person could—and, in fact, did—think that the Commissioner's position was correct," (*id.* at 4–5).

The Commissioner first argues that the ALJ's decision to assign "little weight" to Dr. Perez's assessment of Z.H. was supported by the record. (*Id.* at 4). Particularly, the Commissioner claims that the ALJ was justified in assigning little weight to Dr. Perez's assessment because: (1) the record "as a whole did not support" his opinion, (*id.* at 5–6); (2) "Dr. Perez's own treatment notes did not support his opinion," (*id.*); and (3) "Dr.

Perez had only seen Z.H. [once] prior to authoring his opinion" which ultimately "cast[ed] doubt on the persuasiveness of his opinion as a 'treating source,'" (*id.* at 5–6). For these reasons, the Commissioner claims, the Government's defense of the ALJ's decision was substantially justified. (*Id.*)

Plaintiff disagrees. Plaintiff responds by noting that when trying to justify her actions, the ALJ used sparse citations to the record. (Doc. 36 at 6). Plaintiff also noted that when the ALJ did make citations, they were to "large swaths of the record" that "did nothing to assist the reviewing court in assessing the legitimacy of the ALJ's reasoning." (*Id.*). Plaintiff also attempts to rebut the ALJ's claim that she rejected Dr. Perez's opinion, in-part, because the doctor did not see Z.H. for eight months prior to completing the medical assessment. (*Id.* at 6–7). Plaintiff cites to an opinion letter from Dr. Perez that states that he saw Z.H. 15 days prior to his medical assessment. (*Id.*). This is evidence, Plaintiff claims, that under Ninth Circuit precedent Dr. Perez and Z.H. did have a "genuine treatment relationship." (*Id.*). As such, Plaintiff argues, the Commissioner's defense of the ALJ's decision was not substantially justified.

The Ninth Circuit has consistently found that when an ALJ commits basic or fundamental procedural errors, the defense of these errors lacks substantial justification. *See Roe v. Comm'r of Soc. Sec.*, 651 F. App'x 583, 585 (9th Cir. 2016); *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998) (finding that "the government's defense of basic and fundamental procedural errors" is "difficult to justify"). In *Shafer v. Astrue*, the Ninth Circuit recognized that rejecting a treating physician's opinion based on perceived inconsistency with treatment notes, as well as the "objective evidence of record," constituted a procedural error. 518 F.3d 1067, 1069 (9th Cir. 2008). There, the ALJ rejected a treating doctor's opinion because it appeared inconsistent with his treatment notes and other evidence in the record. *Id.* The Ninth Circuit ultimately identified this rejection as a procedural error because the ALJ failed to "provide clear and convincing reasons supported by substantial evidence to reject the uncontroverted opinion of a treating physician." *Id.*

Like the ALJ in *Shafer*, the ALJ in the instant case rejected Dr. Perez's testimony, in-part, due to perceived inconsistencies between his testimony, his notes, and the record. (Doc. 32 at 5–6). Also like in *Shafer*, the Ninth Circuit in the instant case rejected the ALJ's decision to accord little weight to the doctor's testimony, finding the ALJ's conclusions "far too general to constitute a specific reason to discredit Dr. Perez's opinion." (Doc. 28-1 at 3). Thus, the ALJ's rejection of Dr. Perez's testimony was a clear procedural error. Furthermore, the Ninth Circuit remarked that the ALJ erred when she failed to consider Z.H.'s teacher's testimony, noting that "[t]hat failure, itself, was an error by the ALJ." (*Id.* at 3–4). The Ninth Circuit also stressed that Dr. Moore, the consulting psychologist upon whom the ALJ strongly relied, apparently was not even apprised of the teacher's testimony. (*Id.*). The Ninth Circuit called this omission "doubly harmful" because it exemplified Z.H.'s problems at school and also buttressed Dr. Perez's opinion. (*Id.*). The Government's defense of these errors is "difficult to justify," and, as such, lacks substantial justification. *See Roe*, 651 F. App'x at 585; *Corbin*, 149 F.3d at 1052.

The Commissioner alternatively argues that because this Court initially affirmed the ALJ's findings, "a reasonable person could—and, in fact, did—think that the Commissioner's position was correct." (Doc. 32 at 4–5). As such, the Commissioner urges, the Government's position was substantially justified. (*Id.*).

Plaintiff also pushes back against the Commissioner's second argument. Plaintiff notes that "[i]f the term 'substantially justified' was defined in the manner suggested by the Defendant, 'justified to a degree that could satisfy a reasonable person,' then no claimant would be able to recover EAJA fees," as it is presumed that all district court judges are assumed to be "reasonable" people. (*Id.* at 4). According to Plaintiff, citing to the fact that the ALJ's determinations were affirmed by this Court "does not translate to substantial justifications for an ALJ's failure to follow regulatory authority and Circuit precedent." (*Id.* at 5).

It is proper to consider the Government's past success in this Court related to the

instant action when evaluating substantial justification. *Meier v. Colvin*, 727 F.3d 867, 873 (9th Cir. 2013) (citing *Lewis v. Barnhart*, 281 F.3d 1081, 1084 (9th Cir. 2002)). However, the Ninth Circuit has held that success at the district court level alone without legitimate reasons supported by substantial evidence does not make the Government's position substantially justified. *Id.* at 872–73.

Here, the Commissioner has failed to produce sufficient reasons supported by substantial evidence to defend the Government's position. Thus, the Commissioner's success at the district court then, without more, does not support that the Government's position is substantially justified.

Due to the multiple errors committed by the ALJ, and a lack of legitimate reasons for the Government's position, the Government's defense of the ALJ's decision was not substantially justified. Therefore, Plaintiff is entitled to attorneys' fees under the EAJA.

## B. Reasonability of Fees

Because Plaintiff is entitled to attorneys' fees, the Court will next analyze whether the requested fees are reasonable. The Court has an independent duty to review the fee request to determine its reasonableness. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Plaintiff requests attorneys' fees in the amount of $16,562.07, in addition to paralegal fees of $330.00 and costs of $400.00, for a total of $17,292.07. (Doc. 31 at 1–2). The attorneys' fees amount represents the 2.8 hours of work in 2013 (at $187.02/hour), the 32 hours of work in 2014 (at $190.06/hour), the 2.1 hours of work in 2015 (at $190.28/hour), and the 49.6 hours of work in 2016 and 2017 (at 192.68/hour) by Plaintiff's counsel on the instant matter. (*Id.*). The Commissioner argues that if fees are awarded, they should be reduced because they are unreasonable in light of Plaintiff's limited success. (Doc. 32 at 7–9). The Commissioner also disputes 0.5 hours of time spent by Plaintiff's counsel on requests to extend time. (*Id.* at 8 n.4).

The Commissioner first argues that the attorneys' fees should be reduced because they are unreasonable in light of Plaintiff's limited success. (*Id.* at 7–9). Plaintiff's success was limited, the Commissioner argues, because Plaintiff sought an immediate

award of benefits at the Ninth Circuit as opposed to a remand. (*Id.*). According to the Commissioner, because the Ninth Circuit remanded the case instead of providing instant relief to Plaintiff, Plaintiff's attorneys' fees should be reduced. (*Id.*).

Plaintiff responds by arguing that the amount of time spent on the case was reasonable in light of her success securing a remand for further proceedings. (Doc. 36 at 8). Plaintiff further argues that even if she preferred a different remedy, "it is of little, if any consequence that Plaintiff preferred summary judgment over remand." (*Id.* (citing *Penrod v. Apfel*, 54 F. Supp. 2d 961, 963 (D. Ariz. 1999))).

The Commissioner accurately points out that under the EAJA an award of attorneys' fees must be reasonable and that "the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees." (Doc. 32 at 7–9 (citing 28 U.S.C. § 2412(d)(2)(A); *Hensley*, 461 U.S. at 440)). When examining a plaintiff's level of success, however, the Supreme Court instructs that it is improper to reduce fees solely because he or she prevailed on some claims but not on others. *Hensley*, 461 U.S. at 436. If the claims "involve a common core of facts," and are "based on related legal theories," the failure or lack of specific relief given in response to any one claim does not preclude the court from awarding attorneys' fees if the plaintiff has won substantial relief through other related claims. *Id.* at 435. "A plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." *Schwarz v. Sec'y of Health & Hum. Servs.*, 73 F.3d 895, 901 (9th Cir. 1995) (citation and quotation marks omitted). Additionally, in EAJA actions, reversal and remand constitute substantial relief. *Jones v. Colvin*, No. 10-CV-05483-RJB-KLS, 2013 WL 3490630, at *9 (W.D. Wash. Jun. 28, 2013); *see also Eastman v. Astrue*, No. 11-CV-701-PK, 2013 WL 1130762, at *8 (D. Or. Mar. 15, 2013).

Here, Plaintiff argued for either remand or summary judgment before the Ninth Circuit. Plaintiff was victorious when the Ninth Circuit ordered the case remanded. It is irrelevant in the case of attorneys' fees whether Plaintiff "preferred summary judgment

1 over remand," because a remand constitutes substantial relief. *See Penrod*, 54 F. Supp. 2d at 963; s*ee also Jones*, 2013 WL 3490630, at *9; *Eastman*, 2013 WL 1130762, at *8. As such, the Court finds that Plaintiff won substantial relief when her claim was remanded and her attorneys' fees should not be reduced on grounds of limited success.[2]

In addition to challenging Plaintiff's level of success, the Commissioner challenges 0.5 hours that Plaintiff spent requesting extensions of time. (Doc. 32 at 8 n.4). This Court has found that minimal amounts of time spent on preparing motions to extend time are reasonable and reimbursable. *Clendon v. Astrue*, 570 F. Supp. 2d 1164, 1167 (D. Ariz. 2008) (finding that 1.2 hours spent on motions to extend time was reimbursable because it is time "Plaintiff's attorney spent . . . for which a client would reasonably anticipate paying an attorney"). The small amount of time Plaintiff spent in this case— (0.5 hours)—preparing a motion for extension of time was not excessive or unreasonable. As such, the 0.5 hours are reimbursable.

For these reasons, the Court finds that Plaintiff's counsel expended a reasonable amount of time—86.5 hours—achieving substantial relief for Plaintiff. Based on these findings, the Court awards Plaintiff the total amount of requested attorneys' fees— $16,562.07—in addition to paralegal time of $330.00 and the filing fee of $400.00, for a total of $17,292.07.

///
///
///
///
///

---

[2] It appears that the Commissioner may also be arguing that the 86.5 hours of time spent by Plaintiff in-and-of-itself is excessive and unreasonable. (Doc. 32 at 9). However, the Commissioner cites to no evidence to support her allegations. Moreover, 86.5 hours of attorney time accumulated over the course of four years through multiple appeals is within the standard range of time spent in these types of cases. *See Yesipovich v. Colvin*, 166 F. Supp. 3d 1000, 1011 (9th Cir. 2015) (approving EAJA fees for 86.77 hours); *Kirk v. Berryhill*, No. 2:13-cv-2571-EFB, 2017 WL 1075493, at *5 (E.D. Cal. Mar. 22, 2017) (approving EAJA fees for 104.2 hours). Thus, the Commissioner's argument about the unreasonableness of the 86.5 hours fails.

## IV. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Application for Attorney Fees under the EAJA, (Doc. 31), is GRANTED in the amount of $17,292.07. This award shall be payable directly to Plaintiff and is subject to offset to satisfy any pre-existing debt that Plaintiff owes the United States pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 594 (2010).

Dated this 13th day of September, 2017.

James A. Teilborg
Senior United States District Judge